11-13-ag
Chen v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of August, two thousand twelve.

PRESENT:

DENNIS JACOBS,
        *Chief Judge*,
JON O. NEWMAN,
PIERRE N. LEVAL,
        *Circuit Judges*.

_____

XIAO JIE ZHOU v. HOLDER,                    10-1350-ag
A093 394 030

_____

SHAO LIN CHEN v. HOLDER,                    10-2911-ag
A099 938 936

_____

WEN QING YANG v. HOLDER,                    10-3684-ag
A099 930 548

_____

DIANQIN JIANG v. HOLDER,                    10-4919-ag
A089 253 646

_____

04302012-1-10

**SHUYING CHEN v. HOLDER,**                    **11-13-ag**
**A095 164 157**

_____

**WEN QING CHEN v. HOLDER,**                  **11-1015-ag**
**A099 928 261**

_____

**SHU-CHIN LIN v. HOLDER,**                    **11-1604-ag**
**A073 034 379**

_____

**ZOU-QIANG GAO v. HOLDER,**                   **11-2062-ag**
**A072 460 888**

_____

**MING KUI XIAO v. HOLDER,**                   **11-2303-ag**
**A072 766 265**

_____

**FENG ZHI LIN v. HOLDER,**                    **11-2572-ag**
**A089 254 238**

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA affirming the decision of an immigration judge ("IJ") denying asylum and related relief.  The applicable standards of review are well-established.  _See Jian Hui Shao v. Mukasey,_ 546 F.3d 138, 157-58 (2d Cir. 2008).

Petitioners, all natives and citizens of China, sought relief from removal based on their claims that they fear persecution because they have had one or more children in the United States, which they contend is in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, we find no error in the agency's decisions. *See id.* at 158-72.

We also conclude that the agency did not abuse its discretion when, in certain cases, it declined to credit letters from a few individuals who claimed that they had been required to undergo sterilization because (i) the letters were unauthenticated, (ii) Petitioners failed to demonstrate that the circumstances of the authors were similar to their own, and (iii) the agency in other cases has rejected such isolated reports of forced sterilization in light of significant country evidence to the contrary. *See, e.g.*, *Mao Hui Dong*, No. A099 934 664 (B.I.A. Feb. 9, 2011); *see also Jian Hui Shao*, 546 F.3d at 153, 159-61, 172.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions

04302012-1-10                                    3

is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk